ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| SELLADO DE TECHO LA FAMILIA, LLC P/C SU PRESIDENTE JOSÉ ACEVEDO CRESPO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAYAGÜEZ<br><br>Recurrida<br><br>AMERICAN ROOFING OF PR, INC.; SUPERIOR ROOFING & REPAIR, INC.<br><br>Otros Licitadores | TA2026RA00294 | *Revisión Administrativa* procedente de la Junta de Subastas del Municipio Autónomo de Mayagüez<br><br>Subasta Formal Núm.: 2026-054<br><br>Sobre: Impugnación de Subasta de Servicio de Sellados de Techos |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Jueza Lotti Rodríguez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de junio de 2026.

Compareció la compañía Sellado de Techo La Familia, LLC (en adelante, "recurrente") mediante el recurso de revisión judicial de epígrafe. Nos solicitó la revisión de la adjudicación de la *Notificación de Acuerdo o Determinación Final sobre la Subasta Núm. 2026-054 Sellado de Techos*, emitida por la Junta de Subastas del Municipio de Autónomo de Mayagüez (en adelante, "Municipio de Mayagüez"), el 20 de mayo de 2026, notificada al día siguiente.

Por los fundamentos expuestos a continuación, se **desestima** el recurso de epígrafe por falta de jurisdicción por académico y, en consecuencia, se **deniega** el auxilio de jurisdicción.

**-I-**

El 20 de mayo de 2026, la Junta de Subastas del Municipio de Mayagüez emitió la *Notificación de Acuerdo o Determinación Final*

*sobre la Subasta Núm. 2026-054 Sellado de Techos,* la cual fue notificada al día siguiente. Mediante el referido dictamen, adjudicó la Subasta Núm. 2026-054, a favor de American Roofing of PR, Inc.

Inconforme, el 1 de junio de 2026, el recurrente acudió ante esta Curia mediante *Recurso de Revisión Judicial* en el cual señaló la comisión de cinco (5) señalamientos de error por parte de la Junta de Subasta del Municipio de Mayagüez.[1] En igual fecha, el recurrente instó una *Moción urgente solicitando orden en auxilio de jurisdicción.*[2]

Por su parte, el 3 de junio de 2026, el Municipio de Mayagüez instó una *Moción en solicitud de desestimación por falta de jurisdicción por razón de academicidad*[3]. Allí expuso que, ese mismo día, la Junta de Subastas del Municipio de Mayagüez dejó sin efecto la adjudicación de la subasta, mediante la *Notificación sobre determinación de la Junta de Subasta sobre la impugnación del proceso relacionado a la Subasta Núm. 2026-054, sobre sellado de techos.* Por lo cual, arguyó que el recurso ante nos se había tornado académico.

En desacuerdo, el 8 de junio de 2026, el recurrente presentó su oposición a la desestimación del recurso.[4]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Academicidad**

La doctrina de academicidad se fundamenta en el principio constitucional de que los tribunales existen para resolver casos y controversias genuinas entre partes adversas que poseen un interés

---

[1] SUMAC-TA, entrada núm. 1.
[2] SUMAC-TA, entrada núm. 2.
[3] SUMAC-TA, entrada núm. 10.
[4] SUMAC-TA, entrada núm. 12.

real en obtener un remedio que afecta sus relaciones jurídicas y no para emitir opiniones consultivas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021). Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 578 (2016) (Sentencia).

La Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR ___ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción por tornarse académico. De esa forma, si al hacer el análisis, el tribunal concluye que la controversia es académica y no restan otros asuntos ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Super Asphalt v. AFI y otro*, supra, pág. 816; *Díaz Díaz v. Asoc. Res. Quintas San Luis*, supra, pág. 578.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

El recurrente nos solicitó la revisión de la *Notificación de Acuerdo o Determinación Final sobre la Subasta Núm. 2026-054 Sellado de Techos.* Sin embargo, en la medida en que la Junta de

Subastas del Municipio de Mayagüez dejó sin efecto la adjudicación de la subasta de la cual se solicitó revisión, el recurso ante nuestra consideración se ha convertido en académico. Por esa razón, carecemos de jurisdicción para atender el recurso en sus méritos y resolvemos desestimarlo.

Cabe señalar que el recurrente esbozó varios argumentos para invitarnos a resolver los méritos del recurso ante nuestra consideración, a saber: 1) que la *subasta* en cuestión no fue cancelada y que la Junta de Subastas volvería a evaluar las propuestas sometidas; 2) el aceptar que la Junta de Subastas deje sin efecto la adjudicación, equivaldría a impedir la revisión judicial; 3) que la actuación de la Junta de subastas no fue espontánea, sino una admisión de que existían problemas en la adjudicación de la subasta; 4) que existe posibilidad de que la controversia se repita; y 5) existen consecuencias jurídicas colaterales. Declinamos a esa invitación.

Si bien la subasta en cuestión no ha sido cancelada, la realidad es que la determinación administrativa final de la cual se recurre y se solicita revisión, fue dejada sin efecto. En caso de que la parte recurrida desee continuar con la adjudicación de la subasta, deberá realizar una nueva notificación, para la cual la parte recurrente o cualquiera otra afectada negativamente, tendrá oportunidad de revisar la nueva adjudicación. Por último, no aplica ninguna de las excepciones de la doctrina de academicidad. El argumento de repetición de la controversia no es más que una especulación y tampoco nos ha puesto en posición de concluir que el caso es capaz de evadir la revisión judicial, una vez se notifique la nueva determinación por parte de la Junta de Subastas. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 934 (2011). Por último, tampoco esbozó con especificidad cuáles consecuencias colaterales vigentes y actuales persisten y afectan a la parte

recurrente, aun luego de que se dejara sin efecto la adjudicación de la subasta. *UPR v. Laborde Torres y otros I*, 180 DPR 253, 281 (2010).

**-IV-**

Por los fundamentos expuestos previamente, se **desestima** el recurso de epígrafe por falta de jurisdicción por académico y, en consecuencia, se **deniega** el auxilio de jurisdicción. Además, en vista de este resultado, se deja sin efecto la *Resolución* emitida por este Tribunal el 2 de junio de 2026. Véase, SUMAC-TA, entrada Núm. 6.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones